## HANEY VS. CALDWELL.

1.  EVIDENCE:  *Oral, when admissible to explain written contract.*

    As a general rule, oral evidence is not admissible to contradict or vary the terms of a valid written contract.   But if a contract is not certainly intelligible by itself, extrinsic evidence is admissible to show the intention of the parties; and this intention will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which may be directly derived from a fair and rational interpretation of the words actually used.   But if it be inconsistent with such interpretation, the instrument will then be void for uncertainty or incurable inaccuracy.

2.  SAME:  *Answer of witness not excluded if part admissible.*

    When only part of a witness' answer to a question is objectionable, a motion to exclude the whole should be overruled.

3.  CONTRACT:  *Whether a written instrument is, or not.*

    When oral testimony of extrinsic disputed facts is necessarily admitted to show whether an uncertain written instrument is a contract or not, it is a question of fact for the jury, under the instruction of the court, to determine whether it is a contract and the meaning of it, and not for the court.

4.  SAME.

    A contract for service, "at a salary of $2,500 per annum," is not a contract for any definite time, and at a fixed price, the complete performance of which is a condition precedent to a right to compensation    It is but a stipulation of the rates at which the employee is to be compensated for the services performed.   He is not bound to serve for any definite time to entitle him to compensation.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Rose,* for appellant.

*Kimball, Yonley & Whipple, contra.*

BATTLE, Special Judge.   The plaintiff, John H. Haney, in substance, states, in his complaint, that the defendant,

Josiah Caldwell, on the twenty-first day of December, 1871, by letter, employed him to act as his engineer in connection with his contract for the completion of the Little Rock and Fort Smith railroad, at a salary of twenty-five hundred dollars per annum; that plaintiff accepted said employment and served defendant as such engineer in and about said contract for one year and one month from the date of such employment; and that by reason thereof defendant became indebted to him in the sum of twenty-seven hundred and eight dollars and thirty-three cents; and for said sum and interest asks judgment and other relief.

A copy of the letter referred to was filed as an exhibit with the complaint, and is in the words and figures following, to wit:

"LITTLE ROCK, Dec. 21, 1871.

"J. H. Haney, Esq.:

"DEAR SIR—You are hereby employed to act as my engineer in connection with my contract for the completion of the Little Rock and Fort Smith railroad, at a salary of twenty-five hundred dollars per annum.

"Yours, truly,          JOSIAH CALDWELL."

The defendant answered, in substance and effect, denying that he employed plaintiff, as stated in the complaint, or otherwise, and that plaintiff ever served him as engineer or otherwise; and saying that, if he wrote the letter referred to, it was with the distinct understanding between him and plaintiff that the employment and salary of plaintiff were both wholly dependent and contingent upon defendant's obtaining and carrying out a contract to complete the Little Rock and Fort Smith railroad, and that if he obtained the contract to complete said railroad, plaintiff was to be employed by him ; that the contract to com-

plete said railroad was never obtained by defendant; and that he had fully paid plaintiff for all the services he had at any time rendered him.

Plaintiff, in his own behalf, testified, in substance, as follows: He is a civil engineer by profession, and was a member of the board of directors of the Little Rock and Fort Smith Railroad company from the twenty-fourth day of August to the twentieth or twenty-first day of December, 1871. Mr. Scott was the president of the company. Plaintiff understood from the defendant, about the third Monday in December, 1871, that defendant could get the money to build the road, if he could get certain persons named elected directors of said company. At the election of directors for the company, held on the third Monday in December, 1871, the certain persons named by him were elected such directors. He also understood from the defendant that Mr. Scott wished plaintiff to be engineer of the company; that defendant was to have a contract for building the road, and that defendant had contracted with the company to pay one-half of the salary of plaintiff as such engineer. Plaintiff then demanded that his salary should be five thousand dollars a year, and Scott agreed to it. As plaintiff wanted the matter definitely agreed upon and understood, he saw defendant, who, at the suggestion of plaintiff, wrote the letter referred to and handed it to plaintiff. Plaintiff accepted it and thereafter held himself ready to do any work under the contract, as engineer of the road, until the twentieth day of January, 1873, when he resigned. Plaintiff's duty as engineer, under this contract with defendant, was to see that defendant carried out his contract with the railroad company. No work was done on the road after this contract with defendant was entered into before plaintiff resigned, and plaintiff per-

formed no services under his contract with defendant. During this time plaintiff was not idle, but was doing a real estate agency business in Little Rock, which he could have attended to and discharged the duties of engineer under his contract with defendant.

James Lawson, a witness for plaintiff, testified that defendant said he had or could make a contract with the Southern Security company to get money to build the road; that Scott was to select the engineer, and defendant said he would pay one-half the salary of such engineer; that Scott employed plaintiff as engineer of the company; that the contract of the defendant and road was not made; and that he "understood the whole thing was contingent."

The defendant then offered and read the deposition of himself as evidence, in his own behalf, which is, in substance, as follows: " In the month of December, 1871, negotiations were pending for a consolidation of the Little Rock and Fort Smith, and the Memphis and Little Rock Railroad companies, with the view of leasing the consolidated lines to the Southern Railway Security company, that company having previously entered into an agreement to take a lease upon certain terms, amongst which they required that the Little Rock and Fort Smith railroad should be completed to Fort Smith. A contract was entered into between the Little Rock and Fort Smith Railroad company and defendant, by which he was to complete the railway, if said companies were consolidated, and the two railroads, so consolidated, were leased as aforesaid. The Southern Railway Security company refused to accept the lease, and the consolidation failed, and defendant's contract expired. Plaintiff was engineer of the Little Rock and Fort Smith Railroad company, and was present at many of the interviews had during the negotiations for

consolidation, and was well aware of the fact that the Southern Railway Security company had declined to accept the lease, and that defendant's contract with the Little Rock and Fort Smith Railroad company had come to an end. During the negotiations, and before the lease had been tendered and refused, defendant tendered to plaintiff the appointment of engineer in connection with his contract, and wrote the above mentioned letter, with the understanding that if the consolidation and lease should be made, and his contract should thereby become effected, he (defendant) would give the position of engineer to the plaintiff in connection with his contract, if he would accept it. Plaintiff never accepted the appointment of engineer from defendant. After the failure to consolidate, defendant notified plaintiff that defendant's contract to complete the railroad to Fort Smith was at an end, and that he would not require plaintiff's services. Plaintiff made no objection, and never has made any demand against defendant for any salary or pay, until the commencement of this action. Plaintiff has never performed a single act or duty under any appointment of engineer by defendant, and defendant is not indebted to him in any sum."

On the twenty-first day of December, 1871, Charles G. Scott was elected president, and plaintiff was appointed engineer of the Little Rock and Fort Smith Railroad company. There was some discussion about the salary that should be paid plaintiff as such engineer. Any salary that was voted plaintiff was to be paid by said company. There was no agreement on the part of defendant to pay one-half of plaintiff's salary.

The plaintiff, at the time the deposition of defendant was offered in evidence, objected to, and moved to exclude, so much thereof as is in the words following: " To the fifth

interrogatory he saith that the letter therein referred to was written expecting the consolidation and lease before mentioned would be carried out, and conditioned thereon, that the work under his contract would proceed, and in that event, with the intention of giving the plaintiff, Haney, the position of engineer, if he was disposed to accept it."

And also, at the same time, moved to exclude so much of said deposition as in the words following: "To the seventh cross-interrogatory he saith that there was no agreement on his part to pay the plaintiff, Haney, one-half of his salary, nor did he ever offer to pay, nor did he ever pay him any salary whatever, except in the event of his (defendant's) contract becoming operative, and of his (the plaintiff Haney's) assuming the duties of engineer thereunder. The contract becoming inoperative, there being no duties for the plaintiff, Haney, to perform thereunder, as he was fully aware, and he never having accepted the position or performed any duties thereunder."

The court overruled both objections and motions to exclude, and allowed the portions of the depositions objected to to be read in evidence, and plaintiff excepted.

The plaintiff being recalled by defendant, testified, in substance, as follows: "He understood from the contracts of defendant with the Little Rock and Fort Smith Railroad company and with plaintiff, respectively, that he (plaintiff) was to become the engineer of the company, and that defendant was to pay one-half of his salary. Defendant had no control over him as an engineer, by virtue of the contract sued on; he understood that he was to become subject to the control of the company, and not to that of defendant; he (plaintiff) never accepted employment under the contract as the defendant's engineer, nor accepted the contract with the understanding that he should enter defend-

ant's service, or do anything for him; but he accepted the contract as it is written, and held himself ready to perform it, as he understood it; he was the engineer of the company, and not of the defendant; he never acted as, or intended to become, the engineer of defendant."

Plaintiff asked for the following, among other instructions, to-wit:

"3.   That if the jury find the plaintiff accepted the contract as it is written, it is wholly immaterial whether he regarded himself as being under the control of the defendant or not.   If he accepted the contract and held nimself ready to perform the services under it, the jury will find for the plaintiff."

The court amended it by striking out the words, "it is wholly immaterial whether he regarded himself as being under the control of the defendant or not.   If he accepted the contract," and gave it as amended.   To the refusal of the court to give it as asked, the plaintiff at the time excepted.

The defendant asked for, and the court gave, the following instructions, to-wit:

"1.   That unless the jury believe from the evidence that the plaintiff, Haney, accepted the proposition contained in the letter of December 21, 1871, to employ him as the engineer of defendant, Caldwell, and actually consented thereto by agreeing to become such engineer of said defendant, they must find for defendant.

"2.   That the letter of December 21, 1871, from defendant, Caldwell, to plaintiff, Haney, is a proposition from said Caldwell to employ said Haney as the engineer of said Caldwell, and that said proposition contained in said letter could only be accepted by said Haney by his agreeing and consenting to become the engineer of said Caldwell accord-

ing to the terms of said proposition; and unless the jury find from the evidence that said Haney did in fact accept said proposition, and consent to be and act as the engineer of said Caldwell, according to the terms of said contract, they must find for the defendant.

"3. The court instructs the jury that the evidence introduced before them, tending to show that there was an agreement between said Caldwell and the Little Rock and Fort Smith Railroad company that said Haney should be employed as engineer of said railroad company, and that said Caldwell would pay one-half of his salary as engineer, is at variance with the complaint in this cause, and is not pertiner t to the issue joined in this suit, and the jury are, therefore, directed to entirely exclude the said evidence from their minds in arriving at a verdict in this case; so far as it may be inconsistent with the written contract set up.

"4. That if the jury find from the evidence that by the letter of December 21, 1871, the defendant employed the plaintiff as his engineer, and that the plaintiff did not hold himself at any time in readiness to do or perform services as such engineer for the defendant, and subject to his proper orders, and that if said plaintiff actually performed no services as such engineer, and that he did not accept such employment, he can not recover in this action."

To each and all of which instructions, and the giving thereof, the plaintiff excepted.

The jury returned a verdict for defendant, and judgment was rendered in favor of defendant against plaintiff for costs. Plaintiff moved for a new trial, because the court erred in refusing to give the instruction asked for by him, set forth in this opinion; and because the court erred in giving each and every instruction asked for by defendant.

The motion for new trial was overruled, and plaintiff excepted. Plaintiff preserved his exceptions in proper manner, and asked for and the court granted to him an appeal herein.

1. Did the court err in refusing to exclude so much of the deposition of defendant as is an answer to the fifth interrogatory propounded to him?

1 EVIDENCE: When Oral: admissible to explain a written contract. As a general rule, oral evidence is not admissible to contradict or vary the terms of a valid written contract. The law will not make, nor permit to be made, for parties, a contract other than that which they have made for themselves. But if a contract is not certainly intelligible by itself, extrinsic testimony is admissible to show the intention of the parties, "and this intention will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which may be distinctly derived from a fair and rational interpretation of the words actually used. But if it be incompatible with such interpretation, the instrument will then be void for uncertainty, or incurable inaccuracy." In all such cases the extrinsic testimony is not admitted to prove what the parties to the instrument may have secretly intended; or to add to, take from, change, vary, contradict, or modify; but to find out what is the meaning of the written words they have used, and the true sense thereof as they used them. *2 Parsons on Contract, 60, 78;* and *1 Greenleaf on Evidence, secs. 275, 277, 282.*

The answer of defendant in his deposition to the fifth interrogatory propounded to him was not admissible as evidence, and the court erred in refusing to exclude the same and allowing it to be read as evidence.

2. ——: Answer of witness not excluded if part admissible. 2. Plaintiff moved to exclude the whole of the answer in defendant's deposition to the seventh cross-interrogatory propounded to him by plaintiff.

Haney vs. Caldwell.

The ·seventh cross-interrogatory is as follows: "Was there not an agreement between the president of said company and yourself that you would pay one-half of Haney's salary as engineer of said company?" A portion of the answer to this question is, that he did not agree to pay one-half of such salary. Plaintiff testified in his own behalf that defendant, in his contract with the Little Rock and Fort Smith Railroad company, did agree to pay one-half of his salary. In the aforementioned letter defendant says he employed plaintiff to act as his engineer, in connection with his contract for the completion of the Little Rock and Fort Smith railroad. Plaintiff, in his testimony, endeavors to show that these words meant that he would pay one-half of his salary. A part of the answer to the seventh cross-interrogatory, if true, disproves any such meaning or intention, and was clearly admissible. The motion of the plaintiff being to exclude the *whole* of the answer, and a part thereof being admissible, the court below did not err in overruling the same. *Day v. Rotte, 18 N. Y. (4 Smith), 448; Graham v. Dunnigan, 2 Boser, 516*

3. The first and second instructions given at the instance of the defendant may be considered together. In these instructions the court below told the jury that the letter referred to was a proposition of defendant to employ plaintiff as the engineer of defendant, and that unless they believed from the evidence that plaintiff consented thereto by agreeing to become the engineer of the defendant, they must find for defendant. In doing so the court usurped the province of the jury. The character, effect and obligation of the letter depended entirely· upon oral testimony. By itself it was uncertain and unintelligible. Extrinsic testimony was necessary to ascertain its meaning. To explain it, each party testified in his own behalf.

The plaintiff testified, in effect, that the Little Rock and Fort Smith Railroad company and defendant jointly employed him to serve said company in the capacity of engineer; that defendant agreed to pay one-half of his salary, and the company the other half; that defendant, to bind himself for the payment of one-half, at the request of plaintiff and after such agreement was entered into, gave him the letter above mentioned; that he served said company in the capacity of engineer; and that defendant is indebted to him for one-half his salary for the time he served. On the other hand, the defendant denies this statement of plaintiff, and testifies, substantially, that he contracted with said company to complete their road, on condition that said company and the Memphis and Little Rock Railroad company were consolidated, and the road of the consolidated companies should be leased to the Southern Railway Security company; that the lease was never made; that with the failure to lease, his contract with the said Little Rock and Fort Smith Railroad company expired; that while negotiations to consolidate and lease were pending, the defendant wrote the letter mentioned above; that it was understood between him and plaintiff that said letter was not to become a contract, or go into effect, until his said contract to complete the Little Rock and Fort Smith railroad became absolute; that plaintiff never accepted the employment offered him thereby; that he gave plaintiff notice of the failure to perfect and make final his contract to complete the Little Rock and Fort Smith railroad and the failure thereof, and that his services would not be needed; that plaintiff offered no objection; that he never rendered any services under the letter referred to, and that he is not indebted to him for any services.

Haney vs. Caldwell.

In the instructions given at the instance of defendant, the court below ignored a material and important part of the testimony of plaintiff and virtually withdrew it from the consideration of the jury, and decided questions of fact. In this the court erred. It was the province of the jury to determine whether or not the above mentioned letter became a contract, under the instructions of the court as to what is necessary to constitute the same a contract; and the meaning thereof being dependent on extrinsic facts, which are disputed, it was a question of fact for the jury to decide, under the instructions of the court as to the law in the case. *Scott v. Pentz, 5 Sanford, 572; Edelman v. Teakle, 27 Pa. St., 26; Gardner v. Clark, 17 Barb., 538; School District v. Lynch, 33 Conn., 330; and The Illinois Central Railroad Company v. Cassell, 17 Ill., 389.*

In the first two instructions given at the instance of defendant, much importance was attached to the word "my," used in connection with the word "engineer" in the letter referred to. It is of but little importance. It, the word engineer, and the words preceding it in the letter, construed together, evidently mean that defendant proposed to employ, or had employed the plaintiff in the capacity of an engineer, as the proof may show the letter a contract or not. Defendant could have employed the plaintiff to serve another, in the capacity of an engineer, as well as himself. As to the interpretation of this letter, the question is, is it a contract? and if a contract, what services did defendant thereby employ plaintiff to render, and what did he thereby agree to pay for such services.? If it is a contract, it was immaterial whether plaintiff regarded himself subject, by the terms of the contract, to the control of defendant or not, provided he performed,

**Margin note:** 3. CONTRACT: When a question for jury, whether a written instrument is, or not.

or offered and held himself ready to perform, the stipulated services.

The court below, therefore, erred in giving the first and second instructions asked for by defendant.

4.   The third instruction given by the court at the instance of defendant, is erroneous and should not have been given.   The letter copied above, was, by itself, uncertain and unintelligible, and the testimony the court instructed the jury to exclude from their minds in arriving at a verdict, was admissible to explain the meaning thereof and to enable the jury to determine whether or not there was such a contract as the one set up in the complaint and was pertinent to the issue in this action, and should have been considered by the jury in arriving at a verdict.

5.   In the fourth instruction given by the court at the instance of the defendant, the jury were required to return a verdict for the defendant, if they found from the evidence that the defendant, by the letter mentioned, employed the plaintiff in the capacity of an engineer, and that plaintiff did not hold himself at *any time* in readiness to do or perform services as such engineer.   The letter referred to was not a special contract for a definite time, and at a fixed price, the complete performance of which was a condition precedent to a right to compensation.   No time is fixed in the letter, or any outside agreement, during which plaintiff was to act as engineer.   The letter says the plaintiff was employed to act as engineer at a salary of twenty-five hundred dollars a year.   The twenty five hundred dollars was the stipulated rate according to which plaintiff was to be compensated for his services when performed.   Plaintiff was not bound by the terms of the letter referred to, to serve, or offer and hold himself in readiness to serve, as engineer, for any definite period as a condi-

tion precedent to a .right to compensation. If plaintiff was employed by the letter to serve as engineer, and he served as such engineer according to the terms thereof, or offered and held himself in readiness to do so, for any period of time, he was entitled to compensation for such period at the rate agreed upon, unless he was dismissed or discharged by act of the defendant, or otherwise, before the expiration of such period, in which event he would be entitled to compensation at the same rate for so much of said period as expired before his dismissal or discharge. The court, therefore, erred in giving the fourth instruction asked for by defendant. *Wright v. Morris, 15 Ark., 444.*

We deem any comment on the third instruction as asked for by plaintiff, or on the same as amended and given by the court, unnecessary, as sufficient has already been said in this opinion upon all questions raised by the exception of plaintiff to the refusal of the court to give the same as asked.

The judgment of the court below must be reversed, and this cause remanded, with instructions to the court below to grant plaintiff a new trial.

Chief Justice English did not sit in this case.