MOLINE LUMBER COMPANY *v.* HARRISON.

Opinion delivered March 26, 1917.

CONTRACT OF EMPLOYMENT—DURATION.—Where the matter of duration in a contract of employment is not specified in words, the hiring being at a specified rate or a specific sum per year, the contract will be construed as a hiring for the full year's period.

Appeal from Ouachita Circuit Court; *C. W. Smith*, Judge; affirmed.

*Gaughan & Sifford,* for appellant.

1. The language of the contract constituted a hiring at will and not of employment for a year. It was an indefinite term or period of time and at a certain rate *per year* and constituted a hiring at will. 64 Ark. 398; 25 L. R. A. (N. S.) 529; 173 U. S. 1; 156 Fed. 241; 18 *Id.* 703; 69 N. W. 492; 173 S. W. 4; 172 *Id.* 67; 171 *Id.* 703; 35 Ark. 156; 43 *Id.* 184; 15 *Id.* 444, 477.

2. Incompetency or insubordination on the part of a servant is sufficient cause for dismissal. 26 Cyc. 897, 992.

3. The court erred in its instructions. Cases *supra.*

McCULLOCH, C. J. This is an action instituted by the plaintiff Harrison against his employer to recover wages alleged to be due under a contract which the defendant had broken. The plaintiff alleges that he was employed by defendant Moline Lumber Company to work for the latter as woods foreman for a period of one year at a salary of $1,800.00 a year, payable monthly, and that after working for the defendant for something over three months he was discharged without cause. Plaintiff further alleges that for the greater portion of the unexpired period of the contract he was unable to secure employment elsewhere, and that by reason of the discharge he sustained damages to the extent of the unpaid wages or salary for the remainder of the period. Plaintiff sued to recover the sum of $1,240.00, and on the trial of the case the jury rendered a verdict in favor of the plaintiff for the sum of $749.00. The evidence shows that plaintiff was unable to secure employment for the whole of the remaining period of the alleged contract, but that he did secure employment for a portion of the time, and it is manifest that the jury only allowed for the time during which the plaintiff was actually out of employment. The only question involved in this appeal is whether or not the evidence is sufficient to sustain the finding that there was a

contract of employment entered into between plaintiff and defendant to cover a period of one year. There is very little conflict in the testimony on the material points so far as the case is presented here. Defendant, in dealing with plaintiff, was represented by its manager, Mr. W. R. Day, and on a certain day in June, 1914, plaintiff talked with Mr. Day over the telephone from a lumber camp, with regard to employment as woods foreman. Plaintiff's version of the contract was that after a few preliminary remarks passing between them concerning the matter of the work to be done he asked Day "how much the job paid" and that Day replied "the job pays $1,800.00 a year." Day testified that during the telephone conversation described, plaintiff asked him what the job paid, and he replied as follows: "Well, we paid Mr. Goss $1,900.00 a year and I will pay you $1,800.00, at the rate of $150.00 per month, and Mr. Harrison said that is satisfactory." They agree that nothing else was ever said between them concerning the terms of the employment. It was agreed in the conversation referred to that plaintiff was to go to Malvern to see Mr. Day and look over the timber land to ascertain the character of the work and that he went up there to see Mr. Day about a week later and that they went out together to look over the ground, that nothing was said about the terms of the employment. Plaintiff went to work on the 8th of June, 1914, and after working until June 17, he received a note from Mr. Day in the following words:

"6-17-14.

Mr. Harrison:

You should have Mr. Lee to arrange div. of supt. and clerks salaries so as to include your salary at $150.00 per month.          W. R. D."

There is no proof of custom or usage with reference to the period of employment for this character of service, and we are left entirely to the somewhat indefinite words of the contract to determine whether or not it constituted a contract for a period of service for a year

or whether it was merely an employment at will. The question is by no means free of doubt, and the authorities, though very numerous, are sharply conflicting. In a note to the case of *Warden* v. *Hinds*, 25 L. R. A. (N. S.) 529, the authorities on the subject are collated, and it is said that the conflict is such as to leave doubt as to which view is better supported. One line of cases holds that "a hiring at so much per year, month, or week is, in the absence of other circumstances controlling its duration, an indefinite hiring only, terminable at the will of either party"; whereas the other line of authorities holds to the view that where the matter of duration of a contract of employment is not specified in so many words, a hiring being at a specified rate per year, month or week imports a hiring for the full period named. The cases are carefully reviewed by the Supreme Court of Massachusetts in *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1, and the weight of authority is declared to be in favor of the rule that a hiring at so much a year, month or week is, in the absence of any other consideration impairing the force of the circumstances, sufficient to sustain a finding that the hiring was for that period. There are many English as well as American cases sustaining that view, among which the following are cited: *Emmens* v. *Elderton*, 4 H. L. Cas. 624; *Foxall* v. *International Land Credit Co.*, 16 L. T. (N. S.) 637; *Buckingham* v. *Surrey & Hants Canal Co.*, 46 L. T. (N. S.) 885; *Horn* v. *Western Land Association*, 22 Minn. 233; *Smith* v. *Theobald*, 86 Ky. 141; *Moss* v. *Decatur Land Improvement & Furnace Co.*, 93 Ala. 269; *Chamberlain* v. *Detroit Stove Works*, 103 Mich. 124; *Kellogg* v. *Citizens Ins. Co.*, 94 Wis. 554; *Norton* v. *Cowell*, 65 Md. 359; *Beach* v. *Mullin*, 34 N. J. L. 344; *Magarahan* v. *Wright*, 83 Ga. 773.

That is, we think the best view of the matter, for where a unit of time is described in mentioning the compensation without any other reference to time it is fairly inferable that the parties intended to contract for that period of time. Of course, the terms thus

specified are to some extent indefinite and may be controlled by the circumstances of any particular case, but in the absence of countervailing circumstances we think that a trial court or jury is warranted in construing the terms of the contract to be for a hiring for the unit of time specified in fixing the wages or salary. The language of the contract now before us is even stronger in that view than that used in some of the cases cited. In fact, we think that the testimony of Mr. Day, the defendant's manager, makes out a stronger case than does the statement of the plaintiff himself, for he states the terms at $1,800.00 a year, and follows with the specifications "at the rate of $150.00 a month," indicating that the period of hiring was to be for a year, but that the payments were to be made in monthly installments. It is earnestly insisted by counsel for defendants that two of the early decisions of this court place the court in line with authorities which hold to the view that a specification of the compensation for a certain period is not sufficient evidence of a contract to hire for that period. *Wright* v. *Morris*, 15 Ark. 444; *Haney* v. *Caldwell*, 35 Ark. 156. In the case first cited (*Wright* v. *Morris*) the contract was one for the hire of an overseer "to oversee for Wright that year at the rate of $500.00 per annum; that Trulove was to make a fair average crop, and if he failed to do this he was to forfeit his wages." This court said that the language used did not constitute a special contract for a definite time at a fixed price, but that it was a contract to oversee at the rate of $500.00; not for $500.00. Trulove was discharged before the crop was made and gathered, and the question was whether he was entitled to specified compensation of $500.00 for the year, or for the making of the crop, and this court held that there was no agreement as to the length of time Trulove was to serve, as the contract only fixed the rate instead of the period of time and that "it must necessarily have been intended that the engagement should continue until after the crop was made." That case, therefore, has no

application to the contract involved in the present case, nor is there any analogy between the facts of this case and those in *Haney* v. *Caldwell, supra,* where the contract of employment was evidenced by a letter in which Caldwell stated to Haney that "you are hereby employed to act as my engineer in connection with my contract for the completion of the Little Rock & Fort Smith Railroad, at a salary of $2,500.00 per annum." Haney served for more than a year. The court held that this was not a contract for a definite time at a fixed price. The reason for that ruling is plain, for there was a specification of employment as engineer "in connection with my contract for the completion of the Little Rock & Fort Smith Railroad," which shows that the employment was not for a year but merely at the rate per annum mentioned in the letter. We do not regard either of those cases as being against the views which we express in the present case. From this view of the matter the evidence was sufficient to sustain the finding, and, as that is the only grounds urged for the reversal, it follows that the judgment must be affirmed, and it is so ordered.