### In re MORAN.

### MORAN v. PECK et al.

(Circuit Court of Appeals, Sixth Circuit. June 9, 1924.)

#### No. 3999.

1. **Bankruptcy ☞228—District Court not bound by findings of master.**

 While master's findings of fact in bankruptcy case, based on oral testimony, will not lightly be set aside, nevertheless, if they appear to the District Court to be against weight of evidence, he is not bound thereby.

2. **Master and servant ☞8(2)—Contract held from year to year.**

 Contract providing for a minimum annual salary, maximum being dependent on amount of profits, one half of guaranteed minimum being payable in monthly installments, other half or any larger amount being payable at end of year, *held* one from year to year and not one from month to month.

3. **Bankruptcy ☞308—Loyalty does not require agent to refrain from prosecution of just and matured debt.**

 Loyalty that law requires of an agent does not compel him to refrain from prosecution of a just and matured debt, and if bankruptcy thereby comes and is seen to be inevitable, it is principal's inability to meet his obligations that is primarily responsible therefor, and agent owes no duty to withhold action under such circumstances; and right to compensation under contract is unaffected.

4. **Bankruptcy ☞314(2)—Employés dismissed prior to filing of petition in bankruptcy could prove claims.**

 Agents or employés dismissed from service prior to filing of petition in bankruptcy could prove claims for services.

5. **Master and servant ☞42(1)—Duty to mitigate damages from discharge.**

 Employés discharged before expiration of term of employment were under duty to mitigate damages by taking other work.

6. **Master and servant ☞41(6)—Burden of proof on employer to show discharged employé could have obtained employment.**

 Burden of proof is on employer to show that discharged employé could have obtained similar or fitting employment, and compensation that he could reasonably have earned; and this burden is not met by proof that

he immediately entered into business on his own account without seeking other employment, or that at later time he was able to get a certain weekly compensation.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the estate of H. P. Moran, bankrupt. From a decree of the District Court allowing claims of T. W. Peck and others, the bankrupt appeals. Affirmed.

Robert Guinther, of Akron, Ohio (Slabaugh, Young, Seiberling, Huber & Guinther, of Akron, Ohio, on the brief), for appellant.

Paul C. Weick, of Akron, Ohio (Waters, Andress, Southworth, Wise & Maxon, of Akron, Ohio, on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The appellees were discharged employés of the bankrupt, a building contractor. Their claims for damages for breach of contract of employment were referred by the court below to a special master, to take testimony, to make findings of fact, to adopt conclusions of law, and to report the same, together with proposed order or judgment with reference thereto.

The questions at issue were (1) whether the contract of employment in each case was from month to month or by the year; and (2) whether the taking of judgment and levying of execution against the bankrupt by the claimants on certain cognovit notes given them for money due them, when they knew in the circumstances that their action would cause such financial embarrassment to their employer as would bring about their own discharge, affected their claims for alleged breach of contract of employment.

As to the duration of the contract of employment, the special master made the following finding:

"My conclusion is that when this verbal contract was made in March, 1921, none of the parties had in mind any salary arrangement for a given period. As I see the arrangement, it was this: Peck, Murray, and Van Raalte were to have a drawing account of a certain specified sum, which drawing account was to be paid in monthly installments. In addition thereto, they were to have, respectively, four-twelfths, two-twelfths, and four-twelfths of the profits earned, with a guaranty that these profits, plus the cash drawing account, should equal, respectively, $6,000, $4,200, and $6,000 a year. The amount of profits was to be computed at the end of each year. Under these circumstances, and in view of the vagueness of the verbal contract as related above, I am not able to find that there was a contract to pay these claimants a yearly salary."

As to the effect of taking of judgment and the levying of execution on account of the cognovit notes held by the employés, the special master found:

"That the employé may sue for wages seems settled, but in this case we have employés whose relation to their employer is confidential, and who are, in fact, practically in charge of the employer's business. That being so, they must have known, especially in view of their familiarity with his financial condition, that the bringing of this suit and the levying of this execution would result in their discharge, and having that knowledge, and having thus delib-

erately elected to bring the suit, it seems to me that they cannot complain because of their discharge, and that they have no right to an allowance of a claim for unliquidated damages."

The District Judge sustained exceptions to both of these findings, and referred the claims again to the special master, to determine the amounts due to the several claimants. It is now urged that the master's findings are conclusive, and that therefore the court erred in sustaining the exceptions thereto. But in Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, and Davis v. Schwartz, 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289, the reference was by agreement between the parties. Haines v. Bank (C. C. A. 6) 203 Fed. 225, 228, 121 C. C. A. 431; Western Co. v. Davidson Co. (C. C. A. 6) 212 Fed. 696, 701, 129 C. C. A. 232; Westinghouse Co. v. Wagner Co. (Hook, C. J., dissenting) 281 Fed. 453, 483, 485; Autographic Co. v. Diesbach (C. C. A. 3) 286 Fed. 470, 473; Denver v. Denver Co., 246 U. S. 178, 181, 38 Sup. Ct. 278, 62 L. Ed. 649. As the Supreme Court pointed out in Davis v. Schwartz, supra, at page 637 (15 Sup. Ct. 239):

"The question of the conclusiveness of findings by a master in chancery under a similar order was directly passed upon in Kimberly v. Arms, 129 U. S. 512, in which a distinction is drawn between the findings of a master under the usual order to take and report testimony and his findings when the case is referred to him by consent of parties, as in this case. While it was held that the court could not, of its motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented, and devolve that duty upon any of its officers, yet, where the parties select and agree upon a special tribunal for the settlement of their controversy, there is no reason why the decision of such tribunal, with respect to the facts, should be treated as of less weight than that of the court itself, where the parties expressly waive a jury, or the law declares that the appellate court shall act upon the finding of a subordinate court."

[1] While the master's findings of fact, based upon oral testimony, will not lightly be set aside, nevertheless, if they appear to the District Court to be against the clear weight of the evidence, he is not bound thereby. Ohio Co. v. Mack (C. C. A. 6) 163 Fed. 155, 158, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184. If set aside in the District Court, they clearly are without controlling force in this court.

[2] We agree with the District Judge that by the clear weight of the evidence the contracts were not month to month arrangements; on the contrary, they provided for a minimum annual salary, the maximum being dependent upon the amount of the profits; one half of the guaranteed minimum being payable in monthly installments, the other half or any larger amount being payable at the end of the year. It is unnecessary for us to consider whether, as was decided in Thullen v. Triumph Electric Co. (C. C. A. 3) 227 Fed. 837, 142 C. C. A. 361 (but see Moline Lumber Co. v. Harrison, 128 Ark. 260, 194 S. W. 25, 11 A. L. R. 466, contra), a contract of hiring which fixes no express period of service but declares that payments at a yearly rate should be made in monthly installments, is nothing more than a month to month arrangement. The undisputed facts as to the share that the employés were to have in the annual earnings make it clear that the arrangement here in question was to run from year to year. Cf. Kelly v. Carthage

Wheel Co., 62 Ohio St. 598, 57 N. E. 984; Jones v. Manhattan Horse Manure Co., 91 N. J. Law, 406, 103 Atl. 984.

[3] The loyalty that the law requires of an agent does not compel him to refrain from the prosecution of a just and matured debt; if bankruptcy thereby comes and is seen to be inevitable, it is the principal's inability to meet his proper obligations that is primarily responsible therefor; the agent owes no duty to withhold action under such circumstances.

[4] As the claimants were dismissed from service prior to the filing of the petition in bankruptcy, there can be no question as to the provability of the claims.

[5] The only question remaining is that of damages. Claimants were under the duty to mitigate the damages by taking other work. Peck worked for 10 weeks for himself; Van Raalte, without seeking employment from others, established a corporation in which he worked for 25 weeks; neither Peck's nor Van Raalte's enterprise proved to be a paying venture. It is contended that no credit to Moran need be allowed for the periods that they were so engaged; the special master and the District Judge, in assessing the damages, had so held.

[6] The burden of proof is on the employer to show that the discharged employé could have obtained similar or fitting employment, and the compensation that he could reasonably have earned. This burden is not met by the proof in the case that he immediately entered into business on his own account without seeking other employment and/or that at a later time he was able to get $50 a week compensation.

On the evidence in this case, we are satisfied that the court did not err in refusing to make any deduction from the claims as made.

Decree affirmed.