## CRATER OIL CO. v. VOORHIES.*
### (No. 1342.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1926. Rehearing Denied Feb. 24, 1926.)

1. **Appeal and error** ⌐═682—Where appellant failed to show that amended answer was filed with permission of court, his assignment of error to court's striking of amended answer will be overruled.

Where appellant failed to sustain contention that amended answer was filed with court's permission before announcement of ready for trial, his assignment of error, based on court's striking it because too late, will be overruled.

2. **Master and servant** ⌐═8(3)

Where servant, employed on monthly basis, started work on 15th of month, payment on 1st of succeeding month made new month run from that date.

3. **Master and servant** ⌐═19.

Servant, hired on monthly basis, discharged before end of month, may recover wages for rest of month.

4. **Master and servant** ⌐═19.

Contract of employment from month to month is for definite term, and can be terminated only at end of month, except by consent of parties.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by T. J. Voorhies against the Crater Oil Company. From a judgment for the plaintiff, defendant appeals. Affirmed.

A. M. Huffman, of Beaumont, for appellant.

O'Fiel, Weidemann & Reagan, of Beaumont, for appellee.

O'QUINN, J. Appellee sued appellant in the county court at law of Jefferson county, Tex., to recover the sum of $260 alleged to be due him on a contract of employment.

The suit was filed August 13, 1924. Appellant filed its original answer September 2, 1924. May 8, 1925, the day the case was tried, appellant filed its first amended original answer, consisting of a general demurrer, some special exceptions, a general denial, and a cross-action against appellee for damages in the sum of $995. On motion of appellee, appellant's amended answer and cross-action was stricken out, on the ground that it came too late. The case then proceeded to trial before the court without a jury, and resulted in a judgment in favor of appellee for $260, and is before us for review on appeal.

[1] Appellant first complains that the court committed reversible error in striking out its amended answer and cross-action. We are somewhat puzzled at the statement of counsel for appellant and appellee relative to the matter. Appellant says positively that the amended answer and cross-action was filed on May 8, 1925, with the permission of the court, and that thereafter when the case was called for trial, and before the parties had announced ready for trial, upon the oral motion of appellee, the court struck out said answer and cross-action, for the reason that same came too late. Appellee earnestly insists that said pleading was filed by appellant on the day of trial without leave of the court, and after announcement of ready by both parties, and after the cause had proceeded to trial on its merits and was stricken out on appellee's motion because coming too late. Both parties cite us to the record and point to the same pages thereof to sustain their contention. The record designated is that containing appellant's bill of exception to the action of the court in striking out said pleading, and the portion of same relevant reads:

"Be it remembered that upon the trial of the above entitled and numbered cause had in this court on the 8th day of May, A. D. 1925, the

⌐═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 14, 1926.
280 S.W.—54

plaintiff moved the court to strike out the defendant's first amended original answer and cross-action for the reason that same was filed too late, it having been filed on the morning of May 8, 1925, said answer and cross-action being as follows: * * * The court granted said motion and ordered the defendant's first amended original answer and cross-action stricken out, to which action of the court the defendant excepted and objected and presents this its bill of exception No. 1, to the action of the court in striking out said answer and cross-action."

The bill was approved by the court without any qualifications and filed as a part of the record. It will be noted that the bill does not· state that the permission of the court was first had to file the pleading, nor does it state that after the filing of the pleading the case was called, and that, before an announcement of ready for trial was had, the motion was made and sustained to strike same from the files of the case. Nowhere in the record is it made ·to appear that said pleading was filed with the permission of the court and before announcement of ready for trial; in this state of the record, we think it should be held that the court, who knew the exact state of the matter, acted within the law, and that he did not err in sustaining said motion. It was incumbent on appellant to show the facts sustaining his contention in the matter, and its bill of exception to the action of the court nowhere states facts that go to support its contention. The assignment is overruled.

The chief point of disputation between the parties may be thus ·stated:

### Appellant's Contention.

The appellant, Crater Oil Company, contends that it employed T. J. Voorhies on or about the 15th day of June, 1924, to work for it ·as an oil well driller, and agreed to pay him for his services at the rate of $10 per day, and that it paid him for his services at the rate of $10 per day for the last 15 days of June and the first 4 days of July; that it discharged appellee, together with the rest of the crew, on the night of July 3d, and paid him his wages for the first 4 days of July at the rate of $10 per day, which were accepted by appellee.

### Appellee's Contention.

Appellee claims to have been employed by appellant in the month of June, 1924, to work by the month for the month, and from month to month at a salary of $300 per month as an oil well driller, and that appellant discharged him on the night of July 3, 1924, and that appellant paid him for his services up to and including the 4th day of July at the rate of $300 per month, the·4 days in July being paid in a check for $40, and that he was entitled to pay for the balance of the month of July in the sum of $260, ·for which he sues.

It is thus seen that appellant's contention that the employment of appellee was for no particular length of time, and that therefore it had the right to discharge him at any time and without cause, while appellee insists that the employment was for a definite time —that is, by the month and from month to month—and could be terminated only at the end of a month, except by consent. The court found that appellee was employed ·by the month and from month to month, and that he was discharged by appellant without cause. We think there is sufficient support in the record for the court's finding.

[2-4] But appellant asserts that, even if appellee was employed by the month, his month's services, having begun on the 15th of June, would have ended on the 15th of July, following, and so appellee is not entitled to· recover for the whole of the month of July, but only for the time between July 4th, the date to which he was paid, and July 15th, 11·days, at $10 per day, $110, whereas the judgment was for $260. It appears that appellee was employed about June 15th, and that appellant paid him for the remainder of the month at the end of the month. There is nothing in the record to indicate that appellant paid its employés weekly or semimonthly, so· that we think that appellant's paying appellee at the end of June for the services performed in June indicated that it thus recognized that a new month of service would and did begin on the 1st of July. Appellee worked the first 3 days of July, and was then discharged and paid up to and including July 4th. The record discloses that he protested his discharge and insisted that he should be permitted· to work and be paid for the remainder of July; in other words, he accepted pay for the 4 days in July under protest. While there is a sharp conflict in the authorities, the rule, as established by the weight of authority, and which is followed in Texas, is that a contract of employment from month to· month is a contract for a definite period of time, and can be terminated only at the end of a month, except by consent of the parties. Young v. Lewis, 9 Tex. 73; Dodson-Braum Mfg. Co. v. Dix (Tex. Civ. App.) 76 S. W. 451; Railway Co. v. Sale (Tex. Civ. App.) 31 S. W. 325; 'Maynard v. Royal Worcester Corset Co., 85 N. E. 877, 200 Mass. 1; Moline Lbr. Co. v. Harrison, 194 S. W. 25, 128 Ark. 260, 11 A. L. R. 466 (citing numerous authorities) note p. 471 et seq.

If appellee had secured other employment, but at less wages than contracted with appellant, the amount of wages thus earned would have been deducted from the amount claimed by appellee from appellant, but, as it is the undisputed evidence that appellee sought to secure other employment and

failed to secure any, then he was entitled to recover from appellant the full amount claimed.

The judgment should be affirmed, and it is so ordered. Affirmed.