### ACCIDENTAL OIL MILLS v. TOMLINSON. (No. 7250.)

Court of Civil Appeals of Texas. Austin. June 27, 1928.

Rehearing Denied July 11, 1928.

1. **Master and servant** ⟨⟩26—Manager of corporation, who continued duties under president's executor after death of president, who employed him and controlled corporation's stock, was entitled to recover balance of annual salary from corporation.

One employed by the year as general manager of corporation, by corporation's president owning practically all of stock, was entitled to recover against corporation for balance due for services rendered for year following president's

death, where manager continued on and performed duties without making any new arrangements with president's executor in charge of operations.

**2. Master and servant ⬳9, 19—Contract of employment from year to year can be terminated only at end of year, and renews itself by employee's continued performance after year expires.**

Contract of employment from year to year can be terminated only at end of year except for good cause, and, if employee continues to perform services at expiration of year, the contract impliedly renews itself for another annual period.

**3. Corporations ⬳592—Corporation does not cease to exist upon death of principal stockholder and president.**

Corporation does not cease to exist upon the death of its president and principal stockholder, though such stockholder owned all but two shares of stock of corporation.

**4. Executors and administrators ⬳91—Executor may act in two capacities as regards estate.**

One who is executor may also act in another capacity concerning the estate, in which cases the sequence of the trust varies with his present status.

**5. Executors and administrators ⬳93(1)—Executor of president controlling corporation's property became corporate officer charged with duties of operating properties, and could bind corporation by his contracts.**

Executor of president and principal stockholder of corporation, by virtue of his possession and trust relationship to practically all of the corporation's property, became officer de jure of corporation, charged with duties of operating the properties until the time limit to deliver the property to the legatees expired; and as such officer executor could bind corporation by his contracts with third persons.

**6. Executors and administrators ⬳93(1)—Executor may not continue testator's business at expense of entire estate, but may use only assets invested in business at testator's death.**

Executor, taking charge of stock and properties of deceased, may not continue business at expense of entire estate, but may only use such assets as are invested in the business at time of testator's death.

**7. Executors and administrators ⬳202(1)—Liability for salary of corporation's manager retained by executor after death of controlling stockholder was liability of corporation and not of estate, where shares had not been distributed to legatees.**

Where testator controlling stock of corporation bequeathed stock to specific legatees, without direction that business should be carried on at expense of entire estate, liability incurred by executor carrying on corporation's business for salary of general manager after testator's death was sole liability of corporation, and was not a debt chargeable to the estate, where the stock and properties had not been turned over to the legatees.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Suit by W. E. Tomlinson against the Accidental Oil Mills. Judgment for plaintiff, and defendant appeals. Affirmed.

Tyler & Hubbard, of Belton, for appellant.
Spell, Naman & Penland, of Waco, for appellee.

BLAIR, J. Appellee sued appellant, Accidental Oil Mills, a corporation, to recover $1,944.40, alleged to be the balance due on his annual salary as general manager of appellant for the year beginning July 20, 1926, and on a trial to the court without a jury recovered judgment for that amount. This appeal is based upon the sole proposition that the evidence does not support the judgment. We do not sustain the contention.

The evidence shows that J. D. Sugg incorporated appellant, became its president, and owned all its stock save two shares. On July 20, 1919, he employed appellee as general manager of the corporation, at an annual salary of $5,000, payable in equal monthly installments, which employment continued without any other arrangements being made until Sugg's death in August, 1925. After Sugg's death, E. S. Briant qualified as independent executor and took charge of the stock and mill properties which under the will were bequeathed to parties designated here as "the McGowans." The executor did not make any new arrangements with appellee, but, according to him, appellee "just stayed on like he had been doing." The legatees never had any dealings directly with appellee, who continued to perform his duties as general manager up to July 20, 1927. Neither the executor nor the legatee notified him that his services were no longer needed until some time in the spring of 1927. Some time prior to 1927, the legatees were tendered the stock of said corporation, but for some reason not disclosed by the record they refused to accept it until early in 1927. Their attorney and the executor told appellee in the spring of 1926 that they were attempting to sell the mills, but they did not do so until September, 1926, which was after the contract year here involved had begun.

[1, 2] We think the evidence detailed above sufficiently supports the judgment rendered. It is the settled law in this state that a contract of employment from year to year can be terminated (except for good cause) only at the end of the year, and that, if at the expiration of the year the employee continues to perform his services, the contract impliedly renews itself for a period of one year. Crater Oil Co. v. Voorhies (Tex. Civ. App.) 280 S. W. 849; Dodson-Braun Mfg. Co. v. Dicks (Tex. Civ. App.) 76 S. W. 451; Tex. Brewing Co. v. Walters (Tex. Civ. App.) 43 S. W. 548; Young v. Lewis, 9 Tex. 73.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3-7] But appellant further insists in this connection as follows:

"That the evidence in this case does not make a case of liability against Accidental Oil Mills. If appellee had any cause of action, it was against E. S. Briant, executor."

We do not take this view of the matter. Unquestionably the corporation did not cease to exist upon the death of its principal stockholder and president. It continued as a legal entity. Appellee continued as the legal employee from year to year of the corporation under the same arrangement existing when Sugg died, by virtue of Sugg's executor continuing his employment. It is true that the executor took charge of the stock and mill properties as executor for the purpose of carrying out the provisions of the will (that is, distributing them to the named legatees); but, as concerns the continued operation of the corporate entity, the executor acted in a dual capacity, it being settled law that "one who is executor may also act in another capacity concerning the estate, in which cases the due sequence of the trusts varies with his present status." 24 C. J. 52, § 70. He acted not only as executor, but became by virtue of his possession and trust relationship to the properties of the corporation its officer de jure, charged with the duties of operating the properties until the time limit for him to deliver the properties to the legatees expired. As such an officer he could bind the corporation by his contracts for it with a third person. 14a C. J. 78–80. It certainly cannot be contended that, because he took charge of the stock and properties in question as executor, he must continue the oil mill business at the expense of the entire estate until such time as it became his duty to deliver the mill properties to the McGowans, to whom they were specifically bequeathed. The rule is established to the contrary, and to the effect that only such assets as are invested in the business at the time of decedent's death can be considered as trade or business assets, and "the other property of the estate cannot be subjected to the risks of trade, or be made liable for the debts contracted by the representative in carrying on the business." 24 C. J. 60, § 479. The rule is especially applicable here where the properties or business which was continued had been specifically bequeathed to certain named legatees. These legatees would not be entitled to have these properties operated until such time as they were to receive them under the bequest at the expense of the entire state, except upon specific direction of testator in his will. This being the rule, and the evidence showing that the stock and oil mill properties had been turned over to the legatees before this suit was filed, there was no necessity of suing the executor as such, because the debt was solely that of the corporation.

We therefore affirm the judgment of the trial court.

Affirmed.